UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ABDUL SIDDIQ, | ) | CASE NO. C08-0593-TSZ-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER RE: PENDING MOTIONS |
| | ) | |
| RON VAN BOENING, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner submitted a motion for a stay of his 28 U.S.C. § 2254 proceedings, seeking an opportunity to exhaust state court remedies on a new claim in a pending personal restraint petition (PRP). (Dkt. 13.) Respondent objected to this request, asserting petitioner's new claim is based on state, not federal, law and, therefore, does not warrant a stay. (Dkt. 16.)

Petitioner subsequently retained counsel to represent him in this matter. (*See* Dkt. 19.) In reply to respondent's objection, petitioner, through counsel, concedes that respondent may correctly argue that to the extent petitioner's pending PRP does not involve a federal constitutional claim it cannot form the basis for staying these proceedings. (Dkt. 21.) However, petitioner's counsel seeks a stay for a sixty-day period during which he will enter a notice of

ORDER RE: PENDING MOTIONS
PAGE -1

appearance in the pending state court matter, investigate the bases for the PRP, and seek to amend the PRP if appropriate. He states that, at or before the expiration of that sixty-day period, counsel will either notify the Court that the PRP contains no federal claims and that the stay should be dissolved, or, if the PRP is amended to raise a federal constitutional claim, seek to continue the stay until the completion of the state court proceedings.

Prior to submitting this reply, petitioner's counsel also submitted a motion to extend the time to file a reply to both respondent's answer and respondent's response to the motion to stay proceedings. (Dkt. 20.) He indicated that respondent had no objection to these requests.

Now, having considered all documents filed in support and in opposition to the pending motions, as well as the remainder of the record, the Court does hereby find and ORDER:

(1) Petitioner's request for an extension of time to reply to respondent's response to the motion to stay (Dkt. 20) is GRANTED. Petitioner's request was reasonable, respondent did not object to the request, and petitioner timely submitted the reply within the additional time period requested.

(2) Petitioner's request for an extension of time to file a response to respondent's answer (Dkt. 20) is also GRANTED. However, the Court declines, at this time, to either set a date for the filing of that response or to renote respondent's answer[1] for consideration. Instead, the Court postpones a ruling on the due date for petitioner's response to the answer and STRIKES the noting date of respondent's answer, pending resolution of the motion to stay, as discussed below.

---

[1] While petitioner requested that his petition be renoted, the noting date in this § 2254 case corresponds with the filing of respondent's answer.

01       (3)      The Court finds petitioner's request for a sixty-day period of time to resolve questions regarding the pending PRP reasonable under the circumstances. Accordingly, the Court also STRIKES the noting date of petitioner's motion to stay and Orders petitioner to, on or before **October 24, 2008**, either: (1) withdraw his motion to strike and submit a response to respondent's answer; or (2) reassert his request for a stay by filing an amended motion to stay based on the inclusion of federal constitutional claims in the pending PRP. Should petitioner withdraw his motion to strike and submit a response, respondent's answer will be renoted for consideration on **October 31, 2008**, with respondent's optional reply due on or before that same date. Should petitioner submit an amended motion to stay, the Court will renote respondent's answer pending resolution of the amended motion

      (4)      The Clerk is directed to send a copy of this Order to the parties and to the Hon. Thomas S. Zilly.

DATED this 17th day of September, 2008.

Mary Alice Theiler
United States Magistrate Judge